IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Tory Blakely, | ) | C/A 5:04-23133-CMC |
| | ) | Cr. No. 5:01-736-CMC |
| Petitioner, | ) | |
| | ) | |
| -versus- | ) | **OPINION and ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a federal inmate proceeding *pro se*, seeks relief pursuant to 28 U.S.C. § 2255. The Petition was filed in this court on December 1, 2004 and amended February 14, 2005, asserting ten grounds for vacating Petitioner's sentence. Respondent moved for summary judgment on April 14, 2005, to which Petitioner responded on May 5, 2005.

In December, 2001, Petitioner was charged in one count of a five count Indictment with participation in an illegal drug distribution ring in which Petitioner conspired to distribute 50 grams or more of cocaine base and five (5) kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and (b)(1)(A)(ii) and 846. On May 1, 2002, Petitioner pled guilty to this charge, and on September 24, 2002, was sentenced to 292 months' imprisonment followed by five (5) years' supervised release. Petitioner filed a direct appeal of his sentence, which was affirmed by the Fourth Circuit Court of Appeals September 4, 2003. *See United States v. Patterson, et al.*, 75 Fed. Appx. 132 (4th Cir. 2003). Petitioner thereafter filed an application pursuant to 28 U.S.C. § 2255 with this court on December 1, 2004, which was amended by leave of the court on February 14, 2005. Petitioner raises ten (10) grounds for relief, most of which relate to the actions of counsel

at sentencing and on appeal. Petitioner also has moved for an evidentiary hearing and for appointment of counsel.

Petitioner outlines his ineffective assistance of counsel arguments in the petition and its amendment, yet these bare assertions provide no legally sufficient arguments beyond self-serving introductory statements to substantiate Petitioner's allegations. Rather, Petitioner abandons his ineffective assistance of counsel arguments for the contentions that his Fifth and Sixth Amendment rights were violated because the sentence he received allegedly violates the recent Supreme Court decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), as applied to the federal sentencing guidelines in *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005). Because Petitioner has presented no legally sufficient argument on the effectiveness of his counsel, even in reply to Respondent's Response and motion for summary judgment, the court finds Respondent is entitled to summary judgment on claims One, Two, Three, Four, Five, Six, Seven, and Eight.

In his last two grounds for relief, Petitioner asserts that his Fifth Amendment due process and Sixth Amendment jury trial rights were violated when this court imposed sentence upon him, allegedly in violation of the standard enunciated in *Blakely*, as applied to the federal sentencing guidelines in *Booker*.

Petitioner's arguments fail for two reasons. Petitioner's assertions that his sentence runs afoul of his Fifth and Sixth Amendment rights have been considered and rejected, at least implicitly, by the Fourth Circuit Court of Appeals' full review of his underlying direct criminal appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967). The general rule is that as these matters were considered on direct appeal and decided against him, he cannot relitigate them in a § 2255 petition.

*Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (§2255 petitioner may not "recast, under the guise of collateral attack, questions fully considered by this court").

Second, even if Petitioner's claims were not barred by the Fourth Circuit's decision in his case, neither *Blakely* nor *Booker* has been made retroactive to cases on collateral review. A court entertaining a timely collateral attack on a final conviction and sentence may conduct its own analysis of retroactivity, using the three-step inquiry enunciated in *Teague v. Lane*, 489 U.S. 288 (1989), to determine "whether a constitutional rule of criminal procedure applies to a case on collateral review . . . ." *Beard v. Banks*, 542 U.S. 406, ___, 124 S. Ct. 2504, 2510 (2004).[1] In conducting such an analysis, a court must first determine when the petitioner's conviction became final. A court must then determine whether the rule is actually "new," and if the rule is "new," whether it falls into one of the two retroactivity exceptions enunciated in *Teague*.

The first step in the inquiry is to determine when Petitioner's conviction became final. This date is important because precedent existing at the time of conviction dictates how the court analyzes issues presented by Petitioner. The Fourth Circuit issued its decision in Petitioner's direct appeal on September 4, 2003. Petitioner therefore had ninety (90) days to file a petition for writ of certiorari with the United States Supreme Court, which he did not do, and his conviction became final December 4, 2003. *See Clay v. United States*, 537 U.S. 522 (2003). Thus, Petitioner's conviction was final prior to the decisions in both *Blakely* and *Booker*, but after the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

---

[1] While the *Teague* directive originally applied in habeas corpus proceedings arising from state court convictions, the Fourth Circuit has held that *Teague* is applicable in § 2255 proceedings. *See United States v. Martinez*, 139 F.3d 412 (4th Cir. 1998), *cert. denied*, 525 U.S. 1073 (1999).

The second step in the analysis is to determine whether the rule Petitioner seeks to apply is "new," that is, whether the Constitution, as interpreted by precedent then existing, compels the rule. Courts must "'conduct criminal proceedings in accordance with the Constitution as interpreted at the time of th[ose] proceedings,' [and the Supreme Court has] held that '[t]he new rule principle . . . validates reasonable, good-faith interpretations of existing precedents made by [ ] courts." *Graham v. Collins*, 506 U.S. 461, 467 (1993) (examining finality of conviction in context of consideration of 28 U.S.C. § 2254 petition) (quoting *Butler v. McKellar,* 494 U.S. 407, 414 (1990)). After *Apprendi* but before *Blakely*, federal courts understood the statutory maximum for a particular offense to be found in the United States Code section setting forth the offense and its corresponding penalty. *See, e.g., United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000) ("[T]he current practice of judicial factfinding under the Guidelines is not subject to the *Apprendi* requirements–at least so long as that factfinding does not enhance a defendant's sentence beyond the maximum term specified in the substantive statute."), *cert. denied*, 532 U.S. 937 (2001). Not only did *Blakely* change the understanding of *Apprendi*'s statutory maximum, but one need look no further than *Blakely* itself–with its deeply divided court–to acknowledge that *Apprendi* did not compel the Supreme Court's holding in *Blakely*. *See Beard*, *supra*, 542 U.S. at ___, 124 S. Ct at 2513 n.5 ("the focus of the inquiry is whether *reasonable* jurists could differ as to whether precedent compels the sought-for rule"); *Sawyer v. Smith*, 497 U.S. 227, 237 (1990) (describing a new rule as a result "over which reasonable jurists may disagree"). Additionally, every appellate court to have considered this issue has determined that the *Blakely* rule was new. *See, e.g.*, *Lloyd v. United States*, 407 F.3d 608 (3rd Cir. 2005); *Guzman v. United States*, 404 F.3d 139 (2d Cir. 2005); *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005); *United States v. Price*, 400 F.3d 844 (10th Cir. 2005); *Humpress v. United*

4

*States*, 398 F.3d 855 (6th Cir. 2005); and *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005). This court agrees that the *Blakely* rule, as applied in *Booker*, was new.

Third, having determined that a rule is "new," a court must then consider whether the new rule falls into one of the two retroactivity exceptions enunciated in *Teague*. Retroactive application of new rules is allowed for "rules forbidding punishment 'of certain primary conduct . . . [or for] rules prohibiting a certain category of punishment for a class of defendants because of their status or offense.'" *Beard*, *supra*, 542 U.S. at ___, 124 S. Ct. at 2513 (quoting *Penry v. Lynaugh*, 492 U.S. 302, 330 (1989)).[2] The second exception is for "'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Saffle v. Parks*, 494 U.S. 484, 495 (1990) (quoting *Teague*, *supra*, 489 U.S. at 311)). "That a new procedural rule is 'fundamental' in some abstract sense is not enough; the rule must be one 'without which the likelihood of an accurate conviction is seriously diminished.'" *Schriro v. Summerlin*, 542 U.S. 348, ___, 124 S.Ct. 2519, 2523 (2004) (quoting *Teague*, *supra*, 489 U.S. at 311)).

Courts that have conducted a retroactivity analysis in the context of a § 2255 petition have reached the conclusion that under the test enunciated in *Teague*, *Blakey* and *Booker* do not fit either of these two narrow exceptions which would make the *Blakely* decision, as applied to the federal sentencing guidelines in *Booker*, retroactive. This court finds itself in agreement with those courts. *See Lloyd*, *supra*; *Guzman*, *supra*; *Varela*, *supra*; *Price*, *supra*; *Humpress*, *supra*; and *McReynolds*,

---

[2]A more extensive analysis under *Teague* might include a detailed determination of whether the new rule announced was either substantive or procedural in nature. For present purposes, it is not necessary to conduct such a discussion, as it is evident that the *Blakely*/*Booker* decision is procedural instead of substantive, as it "regulates the manner of determining the defendant's culpability," *Schriro v. Summerlin*, 542 U.S. 348, ___, 124 S. Ct. 2519, 2523 (2004), not whether certain conduct is lawful or unlawful.

5

*supra*. The Supreme Court's decision in *Blakely* did not place "certain primary conduct" beyond the power of Congress to regulate. Nor did *Blakely* place into question the accuracy of jury findings such that "there is an 'impermissibly large risk' of punishing conduct the law does not reach." *Schriro*, *supra*, 542 U.S. at ___, 124 S. Ct. at 2525 (quoting *Teague*, *supra*, 489 U.S. at 312-13).

Therefore, the court finds that the *Blakely* decision, as applied in *Booker*, is not retroactive to those cases on collateral review. Accordingly, Respondent's motion for summary judgment is **granted** as to Grounds Nine and Ten as well. Even if the Supreme Court were to determine Petitioner's claims would somehow be covered under a retroactive application of *Blakely* or *Booker*, Petitioner would, at that point, be required to seek certification from the appropriate court of appeals before filing another § 2255 petition in this court because he would then be filing a second or successive petition. *See* 28 U.S.C. §§ 2244(3)(A), 2255. *See also In re Vial*, 115 F.3d 1192, 1196 (4th Cir. 1997) (noting that the language of § 2255 "establishes that a new rule of constitutional law is not available to individuals seeking to file second or successive motions for postconviction relief until the Supreme Court declares the applicability of that particular rule to collateral proceedings.").

IT IS THEREFORE ORDERED that Respondent's motion for summary judgment is **granted** on all claims in this petition. Petitioner's motions for an evidentiary hearing and for appointment of counsel are **denied** and the petition is dismissed with prejudice.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie<br>
CAMERON McGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 12, 2005

C:\temp\notesB0AA3C\~2574800.wpd